## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.   18-102 |
| v. | ) | |
| | ) | |
| EUGENE TRAFICANTE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Eugene Traficante's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) and Request for Emergency Consideration ("Def. Mt.," Doc. 60), in which he asks for a reduction in his sentence to time served and immediate release from custody.   The Government opposes Defendant's motion.  United States' Response to Defendant's Motion for Reduction of Sentence Pursuant to 18. U.S.C. §3582(c)(1)(A)(i) and Request for Emergency Consideration ("Gov. Opp.," Doc. 66).  For the reasons set forth below, Defendant's Motion is denied.

Defendant pleaded guilty to a four-count indictment charging him with mail fraud, tax evasion and failure to file income tax returns on March 14, 2019, and was sentenced to 27 months at Counts 1 and 2 to run concurrently with 12 months imprisonment at Counts 3 and 4, with two years of supervised release to follow.   Docs. 35, 57.  Defendant self-surrendered to FCI Morgantown on January 17, 2020.  Doc. 59.

Defendant seeks relief under 18 U.S.C. §3582(c)(1)(A)(i), arguing that after exhausting his administrative rights, extraordinary and compelling reasons exist in his case to warrant a reduction in his sentence.  He argues that his health conditions, including his obesity, sleep apnea, and hypertension place him at a higher risk for severe illness or death, especially in

light of the COVID-19 pandemic, constituting "extraordinary and compelling reasons" to reduce his sentence to time served.  Def. Mt. at 8.

The Government acknowledges that Defendant has properly exhausted all administrative rights to appeal and that his obesity is considered an "extraordinary and compelling reason" under 18 U.S.C. §3582(c)(1)(A)(i). Gov. Opp. at 4, 8-9.  However, the Government opposes Defendant's release and reduction in sentence because it argues that the other sentencing factors under 18 U.S.C. § 3553(a) weigh against release.  Id. at 11-14. Specifically, the Government argues that Defendant's crime was significant, and that he has served just six months out of his 27-month sentence, less than a third, to date.  Id. at 11-12. This, the Government states, would undermine the need for his sentence to reflect the significance of his offense, promote respect for the law, provide just punishment, and serve as adequate deterrence.  Id. at 12.  Additionally, though no additional victim impact statements were provided, at least one victim has informed the Government that he objects to Defendant's early release and requested that this position be conveyed to the Court.  Id. at 14.

The Court agrees with the Government that the § 3553(a) do not favor Defendant's release.  Although this was Defendant's first significant criminal conviction, the Court notes that the offenses to which Defendant pleaded guilty are significant. Defendant embezzled nearly $350,000 from his victim over the course of years, as well as attempted to evade and fail to pay his income tax.  Indictment, Doc. 1 at ¶9, 14.  Defendant's 27-month sentence incorporated the severity of his crime, and Defendant has served less than one-third of that sentence thus far. Reducing Defendant's sentence would be contrary to the serious nature and circumstances of his offenses, and would not serve as adequate deterrence or promote respect

for the law.

Finally, while Defendant's obesity is a significant health concern, the Court notes that FCI Morgantown has yet to confirm any cases of COVID-19, which the Court agrees makes the risk of exposure "too speculative to render the circumstances extraordinary and compelling." United States v. Buckman, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020). Defendant has not demonstrated that circumstances at FCI Morgantown have become so dire as to create a level of extraordinary and compelling circumstances that directs relief at this point. See United States v. Raia, App. No. 20-1033 at *8 (3d Cir. Apr. 2, 2020) (addressing a motion for compassionate release under the First Step Act and holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's . . . extensive and professional efforts to curtail the virus's spread").

The Court finds that Defendant's sentence remains appropriate and that a reduction of his sentence is not warranted. Consistent with the above, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (Doc. 60) is **DENIED**.

IT IS SO ORDERED.


August 7, 2020                                   s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

3